# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 18-0095** (Berkeley County CC-02-2017-F-81)

**Sherman B. Williams,**
**Defendant Below, Petitioner**

**FILED**

**February 15, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Sherman B. Williams, by counsel Matthew T. Yanni, appeals the Circuit Court of Berkeley County's January 18, 2018, order sentencing him to ten to twenty years of incarceration for second offense failure to register as a sex offender. Respondent State of West Virginia, by counsel Robert L. Hogan, filed a response. On appeal, petitioner contends that the circuit court erred in denying his motion for a new trial due to insufficient evidence.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In December of 1997, petitioner was convicted of second-degree kidnapping in the Superior Court of Sussex County, Delaware. The sentencing order provided that sex offender registration and community notification applied to the matter. Petitioner lived in Maryland and subsequently moved to Berkeley County, West Virginia. In September of 2012, a Berkeley County jury convicted petitioner of failure to register as a sex offender. "The indictment was based upon allegations that petitioner failed to register with the West Virginia State Police within ten business days of moving to the State of West Virginia." *State v. Williams*, No. 13-0131, 2013 WL 5708440, at *1 (W.Va. Oct. 21, 2013)(memorandum decision). Following a jury trial, petitioner was convicted of one count of failure to register as a sex offender and sentenced to a term of incarceration of one to five years. Petitioner appealed and this Court affirmed the conviction. *Id.*at *2.

In February of 2017, petitioner was indicted by the Berkeley County grand jury on one count of felony failure to update sex offender registry, second offense. On October 31, 2017, the circuit court held a jury trial. The State presented evidence showing that petitioner was convicted of second-degree kidnapping in the state of Delaware after pleading guilty in December of 1997. Next, the State presented evidence to show that petitioner was convicted of failure to register as a sex offender in 2012. Then, Corporal Ryan Eshbaugh of the West Virginia State Police, who

1

runs the Berkeley County sex offender registry, testified. According to Corporal Eshbaugh, he was notified in March of 2016 that petitioner was to be released from incarceration and was subject to sex offender registration. Corporal Eshbaugh confirmed that petitioner was registered in Delaware as a sex offender as a result of a kidnapping conviction. However, according to Corporal Eshbaugh, petitioner did not register with the West Virginia State Police following his release from incarceration in 2016. Through Corporal Eshbaugh's testimony, the State established petitioner's West Virginia residency.

Next, petitioner testified regarding the events that led to the Delaware kidnapping conviction. According to petitioner, the 1997 kidnapping conviction was a mistake because he was coerced into signing the plea agreement. Petitioner also did not believe that he was required to register as a sex offender as result of the kidnapping conviction. However, he admitted that while at the Eastern Regional Jail, he was told that he was required to register as a sex offender and also admitted that he was the subject of a trial in Berkeley County for failure to register as a sex offender in 2012. Nevertheless, he maintained that he was not required to register as a sex offender because he was "innocent 'til proven guilty and [he] wasn't proven guilty yet so [he] shouldn't have to register." Petitioner admitted that he was residing in Martinsburg, West Virginia, when he was indicted for second-offense failure to register as a sex offender.

Following the presentation of evidence, petitioner moved for judgment of acquittal arguing that the State had presented "insufficient evidence that [petitioner] is required to register and that he failed to register a first time and that he subsequently failed to register." The circuit court ultimately denied the motion and, after deliberation, the jury found petitioner guilty of felony failure to update sex offender registry, second offense. On November 1, 2017, petitioner filed a motion for a new trial in the matter due to insufficient evidence. On January 18, 2018, the circuit court held a sentencing hearing and denied petitioner's request for a new trial. Petitioner was sentenced to ten to twenty years of incarceration. It is from the sentencing order that petitioner appeals.

We apply the following standard of review to a circuit court's denial of a motion for a new trial:

> In reviewing challenges to findings and rulings made by a circuit court, we apply a two-pronged deferential standard of review. We review the rulings of the circuit court concerning a new trial and its conclusion as to the existence of reversible error under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a de novo review.

*State v. Jenner*, 236 W.Va. 406, 413, 780 S.E.2d 762, 769 (2015) (citation omitted).

On appeal, petitioner argues that the State presented insufficient evidence to show that he was required to register as a sex offender. He contends that the State's only evidence was the sentencing order from the Superior Court of Sussex County, Delaware, which required petitioner to register as a sex offender. However, petitioner "denied that he was required to register because he was tricked into signing a plea agreement and he was never proven guilty of the offense of

2

kidnapping in the second degree." Petitioner's argument is meritless, as the record clearly shows that petitioner is subject to registration as a sex offender.

Regarding our review of a claim alleging insufficiency of the evidence, this Court has held that

> [t]he function of an appellate court when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, is sufficient to convince a reasonable person of the defendant's guilt beyond a reasonable doubt. Thus, the relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt.

Syl. Pt. 1, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995). Further,

> [a] criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt.

*Id.* at 663, 461 S.E.2d at 169, syl. pt. 3, in part.

Here, the record shows that the Delaware sentencing order required petitioner to register as a sex offender. Petitioner failed to register as a sex offender in West Virginia as required by West Virginia Code § 15-12-8(c), which provides as follows:

> Any person required to register for life pursuant to this article who knowingly provides materially false information or who refuses to provide accurate information when so required by the terms of this article, or who knowingly fails to register or knowingly fails to provide a change in any required information as required by this article, is guilty of a felony and, upon conviction thereof, shall be imprisoned in a state correctional facility for not less than one year nor more than five years. Any person convicted of a second or subsequent offense under this subsection is guilty of a felony and, upon conviction thereof, shall be imprisoned in a state correctional facility for not less than ten nor more than twenty-five years.

During his trial, petitioner did not contest his West Virginia residency or that he was previously convicted of failure to register as a sex offender in 2012. According to Corporal Eshbaugh, he

3

was notified that petitioner was required to register as a sex offender upon his release from incarceration in 2016 and petitioner failed to register. Therefore, the evidence clearly supports petitioner's conviction of failure to register as a sex offender, second offense. As such, we find no error in the circuit court's denial of a new trial on the basis of insufficient evidence.

For the foregoing reasons, we find no error in the decision of the circuit court, and its January 18, 2018, sentencing order is hereby affirmed.

Affirmed.

**ISSUED**:  February 15, 2019

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison